# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN
_____

**MARY JANE BESTER,**
        **Plaintiff,**

      **v.**                                                      **Case No. 18-C-1255**

**MONEYTREE, INC.,**
        **Defendant.**
_____

## DECISION AND ORDER

Mary Jane Bester, proceeding pro se, has filed a complaint against Moneytree, Inc. She seeks leave to proceed without prepaying the filing fee under 28 U.S.C. § 1915. I conclude that the plaintiff cannot afford to prepay the filing fee, and therefore I will grant her request for leave to proceed without prepaying it. However, having reviewed the complaint, I conclude that it must be dismissed for lack of subject-matter jurisdiction. *See, e.g., Baez-Sanchez v. Sessions*, 862 F.3d 638, 641 (7th Cir. 2017) (federal court has obligation to assure itself of its own jurisdiction).

The allegations of the plaintiff's complaint are not entirely clear, but she seems to be alleging a claim for breach of contract or some other state-law claim arising out of her debt to Moneytree. She alleges that she has made all payments in accordance with a payment plan she and Moneytree agreed to, yet Moneytree continues to collect payments from her. For relief, the plaintiff seeks the return of a $246 payment she made, along with $10,000 for pain and suffering. (Compl. at p. 4.)

The allegations of the complaint do not state a claim for relief under any federal law. Instead, as noted, the complaint seems to seek relief under a state-law contractual theory. Thus, the complaint does not engage the federal-question jurisdiction, 28

1

U.S.C. § 1331.  As for the diversity jurisdiction, 28 U.S.C. § 1332, the parties appear to be diverse (plaintiff seems to be a citizen of Wisconsin and the defendant seems to be a citizen of Washington), but the amount in controversy does not exceed $75,000, exclusive of interest and costs.  Rather, the plaintiff seeks $10,246 in damages, which is far less than the jurisdictional minimum.  Accordingly, I must dismiss her complaint without prejudice for lack of subject-matter jurisdiction.  If the plaintiff wishes to proceed with her complaint, she should re-file this case in state court.

For the reasons stated, **IT IS ORDERED** that the plaintiff's motion to proceed without prepayment of the filing fee is **GRANTED**.

**IT IS FURTHER ORDERED** that the complaint and this action are **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction. The Clerk of Court shall enter judgment.

Dated at Milwaukee, Wisconsin, this 16th day of August, 2018.

s/ Lynn Adelman
LYNN ADELMAN
District Judge